IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. _____

| | |
|---|---|
| NATIONAL ASSOCIATION FOR ) <br> THE ADVANCEMENT OF ) <br> COLORED PEOPLE ALAMANCE ) <br> COUNTY BRANCH, et al. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> JERRY PETERMAN, et al., ) <br> ) <br> Defendants. ) | **MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Pursuant to Fed. R. Civ. P. 65 and LR 65.1, Plaintiffs Alamance County Branch of the National Association for the Advancement of Colored People ("NAACP"), Tamara O. Kersey, Colleen Tenae Turner, Terence Colin Dodd, Destiny Clarke, Annie Simpson, Nerissa Rivera, Adam Rose, and Gregory Drumwright move this Court to temporarily restrain and preliminarily enjoin Defendants from enforcing Art. VI, Sections 18-172, 18-174–181 of Graham, North Carolina's Code of Ordinances (hereinafter, "The Ordinance").[1] The Ordinance unconstitutionally (1) blocks two or more people who wish to protest—and even single individuals who seek to march while carrying a sign—in Graham from doing so without a permit, (2) subjects those seeking a permit to vague and, in effect,

---

[1] Links to the City of Graham's ordinances are available at
https://www.cityofgraham.com/ordinances/

1

content- and viewpoint-based standards, and (3) severely restricts the size and conduct of protests for which a permit is obtained. In support of this Motion, Plaintiffs state as follows:

1. The Ordinance makes it unlawful for two or more people to gather "for the purpose of protesting" or "making known any position or thought" anywhere in the City without first obtaining the Chief of Police's permission at least 24 hours in advance. Chapter 18, Art VI. §§ 18-172, 18-175, 18-178.

2. The Ordinance additionally makes it unlawful for any individual to parade or march "in or upon the public streets, sidewalks, parks or other public places" without first obtaining the Chief of Police's permission at least 24 hours in advance. Chapter 18, Art VI. §§ 18-172, 18-175, 18-178.

3. The Ordinance allows the Chief to limit even permitted gatherings to six people and order their dispersal upon any violation of the permit, no matter how small. Chapter 18, Art VI. § 18-181.

4. The Ordinance also bans the exercise of any speech or assembly rights by minors unless they obtain the discretionary permission of the Chief. Chapter 18, Art VI. § 18-177.

5. Plaintiffs are organizations or individuals who have recently engaged in or attempted to engage in protests near the Alamance County courthouse in the central square of Graham, North Carolina, where a Confederate monument prominently stands. Plaintiffs seek to organize and engage in imminent future protests in

2

Graham, including as soon this July 4 weekend, but will not be able to do so without obtaining a permit. The Ordinance impermissibly burdens and violates the constitutional rights of Plaintiffs and others like them who seek to protest in Graham.

6. On July 2, 2020, Plaintiffs filed a Complaint in this Court pursuant to 42 U.SC. § 1983 alleging that the Ordinance violates the First and Fourteenth Amendments to the United States Constitution and seeking preliminary and permanent injunctive relief.

7. As demonstrated in the attached exhibits and their brief accompanying this Motion, Plaintiffs meet all four requirements for a temporary restraining order and preliminary injunction pursuant to Fed. R. Civ. P. 65 and LR 65.1.

8. *First*, Plaintiffs are likely to succeed on the merits of their claims that the Ordinance violates the First Amendment to the United States Constitution because: (a) it is not narrowly tailored to achieve any compelling government interest; (b) it constitutes an unconstitutional prior restraint; and (c) it is not a reasonable time, place, and manner restriction. Plaintiffs are also likely to succeed on their claim that the Ordinance violates the Fourteenth Amendment because it is impermissibly vague.

9. *Second*, the Ordinance forces Plaintiffs to choose between forgoing their constitutional rights to protest or facing arrest and fines, and thus imposes ongoing, irreparable harm on Plaintiffs. Plaintiffs show by their declarations attached to this

3

Motion that they will suffer immediate and irreparable loss of their rights to protest this weekend and in the days imminently following, necessitating that a restraining order be entered before Defendants may be heard in opposition.

10. *Third*, entry of an injunction poses no harm to Defendants, as it would restrain enforcement of an unconstitutional law.

11. *Fourth*, an injunction would be in the public interest because it would uphold Plaintiffs' constitutional rights and enable them and countless other speakers to exercise their First and Fourteenth Amendment rights during the pendency of this litigation.

12. Plaintiffs' counsel hereby certifies that they have attempted to provide notice to Defendants of this Motion by contacting the offices of the Graham City attorney and the Alamance County attorney by telephone and email on the afternoon of July 2, 2020, and by emailing them the Complaint and the instant Motion, brief, and attachments contemporaneously with this filing.

13. Plaintiffs should not be required to post a security bond because no harm, pecuniary or otherwise, will result to Defendants if an injunction is granted. *See Pashby v. Delia*, 709 F.3d 307, 332 (4th Cir. 2013) ("[T]he district court retains the discretion to set the bond amount as it sees fit or waive the security requirement."); *Planned Parenthood of Cent. N.C. v. Cansler*, 804 F. Supp. 2d 482, 501 (M.D.N.C. 2011) ("Given the lack of any monetary injury to Defendant, no bond will be required.");

*Doe v. Pittsylvania Cty., Va.*, 842 F. Supp. 2d 927, 937 (W.D. Va. 2012) (fixing security bond at $0 because "there can be no monetary damages or other harm to the Board from conducting its meetings in a manner consistent with the Establishment Clause[.]"); *Complete Angler, LLC v. City of Clearwater, Fla.*, 607 F. Supp. 2d 1326, 1335 (M.D. Fla. 2009) ("Waiving the bond requirement is particularly appropriate where a plaintiff alleges the infringement of a fundamental constitutional right.").

WHEREFORE, Plaintiffs respectfully request that this Court:

(a) Immediately enter an order temporarily restraining Defendants from enforcing the Ordinance;

(b) Set a date on which to hear oral argument on Plaintiffs' Motion for a Preliminary Injunction;

(c) Preliminarily enjoin enforcement of the Ordinance;

(d) Order Defendants to immediately notify their officers, attorneys, agents, employees, and other persons in active concert or participation with them, of any temporary restraining order or preliminary injunction that is entered;

(e) If a temporary restraining order or preliminary injunction is entered, waive the requirement of a security bond; and

(f) Order such other relief as this Court deems just and equitable.

Respectfully submitted this 2nd day of July, 2020,

/s/ Kristi L. Graunke
  Kristi L. Graunke
  North Carolina Bar No. 51216
  kgraunke@acluofnc.org
  Daniel K. Siegel
  North Carolina Bar No. 46397
  dsiegel@acluofnc.org
  ACLU of North Carolina
  P. O. Box 28004
  Raleigh, NC 27611-8004
  Tel: 919-354-5066

/s/ Elizabeth Haddix
Elizabeth Haddix
North Carolina Bar No. 25818
ehaddix@lawyerscommittee.org
Mark Dorosin
North Carolina Bar No. 20935
mdorosin@lawyerscommittee.org
Lawyers' Committee for Civil Rights Under Law
P.O. Box 956
Carrboro, NC 27510
Tel. 919-914-6106

Vera Eidelman
New York Bar No. 5646088
veidelman@aclu.org
Emerson Sykes
New York Bar No. 5020078
esykes@aclu.org
ACLU Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-549-2500

/s/ C. Scott Holmes
C. Scott Holmes
Lockamy Law Firm
North Carolina State Bar No. 25569
scott.holmes@lockamylaw.com
3130 Hope Valley Road
Durham, North Carolina 27707
Tel: 919-401-5913

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I certify that on July 2, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and e-mailed true copies of this motion and attachments to the following:

Robert M. Ward, Graham City Attorney

rward42@triad.rr.com,

J. Bryan Coleman, Graham City Attorney

jbryancoleman@triad.twcbc.com

Clyde B. Albright, Alamance County Attorney

clyde.albright@alamance-nc.com

s/ Kristi Graunke
*Counsel for Plaintiffs*
