IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:20-cv-00613-CCE-LPA

| | | |
|---|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE ALAMANCE COUNTY BRANCH, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | PLAINTIFFS' SECOND MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |
| v. | ) ) ) | |
| JERRY PETERMAN, et al., | ) ) | (Oral Argument Requested) |
| Defendants. | ) | |

Pursuant to Fed. R. Civ. P. 65 and LR 65.1, Plaintiffs Alamance County Branch of the National Association for the Advancement of Colored People ("NAACP"), Tamara O. Kersey, Carleen Tenae Turner, Terence Colin Dodd, Destiny Clarke, Annie Simpson, Nerissa Rivera, Adam Rose, and Gregory Drumwright (collectively, "Plaintiffs") move this Court to temporarily restrain and preliminarily enjoin Defendants from (1) enforcing policies and practices that violate Plaintiffs' rights to free speech, assembly, and association by banning protest at and around the Alamance County Historic Courthouse ("Courthouse") in downtown Graham, North Carolina, and (2) promulgating and enforcing emergency orders, including specifically the July 10 Order, that also violate these rights. Plaintiffs request oral argument under LR 65.1(b).

In support of this motion, Plaintiffs state as follows:

1

1. Plaintiffs are an organization and individuals who have recently engaged in or attempted to engage in protests near the Courthouse, where a Confederate monument prominently stands. On July 2, 2020, Plaintiffs filed a complaint raising First Amendment and Fourteenth Amendment due process challenges to a Graham City Ordinance that restricted the rights of Plaintiffs to protest and demonstrate in Graham, as well as to Defendants' practices of blocking Plaintiffs' anti-racist protest activities through restrictions on access to the Courthouse area and repeated issuance of "State of Emergency Declarations."

2. Also on July 2, Plaintiffs filed a motion seeking a temporary restraining order (TRO) and preliminary injunction to restrain further enforcement of the Ordinance. DE 2. On July 6, 2020, the Court entered a consent TRO restraining enforcement of the Ordinance. DE 15.

3. The City of Graham subsequently repealed the Ordinance and on July 15, 2020, Plaintiffs withdrew their motion. DE 23.

4. On July 17, 2020, Plaintiffs filed an amended complaint. DE 27. The amended complaint alleges that, despite the repeal of the Ordinance, Defendants continue to violate the First and Fourteenth Amendments by maintaining a policy and practice of prohibiting protesters from speaking or assembling on or near Courthouse grounds, including the sidewalk in front of the Courthouse, the Courthouse steps, and the sidewalk surrounding the Confederate monument, despite a long tradition of allowing people to assemble there.

5.      Plaintiffs further allege that Defendant Peterman has issued and Defendants have enforced repeated "State of Emergency" orders that are unsupported by actual or imminent emergencies and impermissibly limit the right to protest in Graham, especially on and around Courthouse grounds. The emergency order issued on July 10 remains in place.

6.      As demonstrated in the attached exhibits and supporting brief, Plaintiffs meet all four requirements for a temporary restraining order and preliminary injunction.

7.      *First*, Plaintiffs are likely to succeed on the merits of their First Amendment claim because Defendants are restricting speech in a traditional public forum, and this restriction cannot survive heightened scrutiny. Moreover, the July 10 Emergency Order that is currently in effect has no factual basis and operates as an unconstitutional suppression of speech.

8.      *Second*, Plaintiffs will suffer irreparable harm absent preliminary relief because "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

9.      *Third*, the balance of equities favors Plaintiffs—while Plaintiffs will likely suffer irreparable harm without relief, Defendants would not be harmed by the enjoining of likely unconstitutional policies and practices.

10.     *Fourth*, an injunction would serve the public interest because it would uphold Plaintiffs' constitutional rights and enable them and others to exercise fundamental First and Fourteenth Amendment rights during the pendency of this litigation.

11.    Plaintiffs should not be required to post a security bond because Defendants will not be harmed if a TRO and preliminary injunction are granted. *See Pashby v. Delia*, 709 F.3d 307, 332 (4th Cir. 2013) ("[T]he district court retains the discretion to set the bond amount as it sees fit or waive the security requirement."); *Planned Parenthood of Cent. N.C. v. Cansler*, 804 F. Supp. 2d 482, 501 (M.D.N.C. 2011) ("Given the lack of any monetary injury to Defendant, no bond will be required."); *Doe v. Pittsylvania Cty., Va.*, 842 F. Supp. 2d 927, 937 (W.D. Va. 2012) (fixing security bond at $0 because "there can be no monetary damages or other harm to the Board from conducting its meetings in a manner consistent with the Establishment Clause[.]"); *Complete Angler, LLC v. City of Clearwater, Fla.*, 607 F. Supp. 2d 1326, 1335 (M.D. Fla. 2009) ("Waiving the bond requirement is particularly appropriate where a plaintiff alleges the infringement of a fundamental constitutional right.").

12.    Defendants will be contemporaneously notified of the filing of this Motion via counsel who have already appeared in this matter and who receive notices through this Court's electronic filing system. Plaintiffs' original Complaint, DE 1, and First Amended Complaint, DE 27, have also put Defendants on notice regarding the issues raised in this Motion. Accordingly, further notice should not be required before issuance of a TRO. *See* Fed. R. Civ. P. 65(b)(1)(B).

WHEREFORE, Plaintiffs respectfully request that this Court:

(a) Set a date on which to hear oral argument on this motion;

(b) Temporarily restrain and preliminarily enjoin Defendants from enforcing policies and practices that violate Plaintiffs' rights to free speech, assembly, and due process by restricting protest at and around the Alamance County Historic Courthouse ("Courthouse") in downtown Graham, North Carolina, including: (1) the ban on protest there; (2) barricading access to the grounds; and (3) the July 10 Order, which also violates these rights;

(c) Order Defendants to immediately notify their officers, attorneys, agents, employees, and other persons in active concert or participation with them, of any temporary restraining order or preliminary injunction that is entered;

(d) Waive the requirement of a security bond; and

(e) Order such other relief as this Court deems just and equitable.

Respectfully submitted this 28th day of July, 2020.

/s/ Kristi L. Graunke

| | |
|---|---|
| Kristi L. Graunke | Vera Eidelman |
| North Carolina Bar No. 51216 | New York Bar No. 5646088 |
| kgraunke@acluofnc.org | veidelman@aclu.org |
| Daniel K. Siegel | Emerson Sykes |
| North Carolina Bar No. 46397 | New York Bar No. 5020078 |
| dsiegel@acluofnc.org | esykes@aclu.org |
| ACLU of North Carolina | ACLU Foundation |
| P. O. Box 28004 | 125 Broad Street, 18th Floor |
| Raleigh, NC 27611-8004 | New York, NY 10004 |
| Tel: 919-354-5066 | Tel: 212-549-2500 |

<div style="display: flex;">

/s/ Elizabeth Haddix
Elizabeth Haddix
North Carolina Bar No. 25818
ehaddix@lawyerscommittee.org
Mark Dorosin
North Carolina Bar No. 20935
mdorosin@lawyerscommittee.org
Lawyers' Committee for Civil Rights Under Law
P.O. Box 956
Carrboro, NC 27510
Tel. 919-914-6106

/s/ C. Scott Holmes
C. Scott Holmes
Lockamy Law Firm
North Carolina State Bar No. 25569
scott.holmes@lockamylaw.com
3130 Hope Valley Road
Durham, North Carolina 27707
Tel: 919-401-5913

*Counsel for Plaintiffs*

</div>

# CERTIFICATE OF SERVICE

I certify that on July 28, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will provide notice to all counsel of record.

<div style="text-align: right;">

s/ Kristi Graunke
*Counsel for Plaintiffs*

</div>