# FRAZIER HILL & FURY, R.L.L.P.
ATTORNEYS AND COUNSELLORS AT LAW
P.O. DRAWER 1559
GREENSBORO, NORTH CAROLINA 27402

WILLIAM L. HILL
TORIN L. FURY

C. CLIFFORD FRAZIER, JR.
(1923-2009)

TELEPHONE:
(336) 378-9411
FACSIMILE:
(336) 274-7358

July 28, 2020

*Via Email: kgraunke@acluofnc.org*
Kristi Graunke
ACLU of North Carolina
P.O. Box 28004
Raleigh, NC 27611-8004

*Via Email: ehaddix@lawyerscommittee.org*
Elizabeth Haddix
Regional Office, Lawyers Committee for Civil Rights Under Law
P.O. Box 956
Carrboro, NC 27510

      **RE:**     **Communication Pursuant to F.R.E. 408**

Dear Kristi and Elizabeth:

    Thank you for remaining open to discuss ways in which all of our clients can successfully navigate and resolve the complicated issues facing each of the parties to this lawsuit. On behalf of each Commissioner, the County Manager and the Sheriff (the Alamance Defendants), we wish to assure you that adherence to the law is our topmost priority.

    It is my hope that by creativity and respect for the negotiation process, breakthroughs can be made. To this end, and per your request, I will try and respond specifically to the questions raised in your letter. As I understand it, there are essentially five issues: 1) access to written policies concerning demonstrations around the courthouse area, for review and comment; 2) documents evidencing ownership of the monument; 3) removal of physical barriers on sidewalks and around the monument; 4) enforcement of emergency declarations issued by the City of Graham, and; 5) increased access to the courthouse area.

    I will attempt to address each issue but first wish to point out the interests of the Alamance County Defendants so that you can better understand their viewpoint. Firstly, the Alamance County Defendants are concerned about public safety and minimizing the potential for violence and destruction of property. Fortunately, to my knowledge, there have been no

EXHIBIT 6

acts of violence with respect to protests around the monument in Graham. However, this is an emotionally charged time in America and there seems to be acts of violence every day in some location. The Alamance Defendants are trying to do all they can to prevent such violence in Graham. I understand that your clients disagree with the tactics used to achieve this goal. I do not seek to challenge those beliefs, but to sincerely present the interests of the Alamance Defendants. They are not the enemy, but men and women making split second decisions in difficult situations. We are always willing to listen to ways in which we can do better.

Apart from disputes between protestors and counter-protestors, the Alamance Defendants would also point out that there is a fairly high volume of traffic around the monument, further increasing safety concerns. Large trucks, carrying logs, often use the road around the courthouse, creating a hazard to everyone gathered in the roadway. Additionally, the Historic Courthouse is a working courthouse and the main location for the Alamance County Clerk of Court. The Alamance County Historic Courthouse is simply in a difficult location for protesting.

As I outlined above, the Alamance Defendants see essentially five issues: 1) access to written policies concerning demonstrations around the courthouse area, for review and comment; 2) documents evidencing ownership of the monument; 3) removal of physical barriers on sidewalks and around the monument; 4) enforcement of emergency declarations issued by the City of Graham, and; 5) increased access to the courthouse area.

1) **Access to written policies concerning demonstrations around the courthouse area, for review and comment.**

    From the Alamance Defendants' perspective, your review and comment on their policies is one of the best possible outcomes to this mediation process. I am concerned that a focus on existing policies and practices will bog down the process of change. It is my hope that this mediation process can instead be focused on how future problems can be prevented. To that end, we invite you to provide examples of locations where law enforcement has created a positive environment and we can work together to adapt the policies of those jurisdictions to Graham.

2) **Documents evidencing ownership of the monument**

    We have been researching ownership of the monument. It has been the belief of Alamance County that it has been in possession and control of the monument and the ground on which it sits since its dedication to the County by the United Daughters of the Confederacy in 1914. However, it has recently come to our attention that other groups have different beliefs. I have attached some documents that support Alamance County's belief and assure you that the County is conducting further efforts to obtain clarification on the issue. If you are aware of any supporting or contrary authority, please share it with us.

3) **Removal of physical barriers on sidewalks and around the monument**

   The Sheriff has been utilizing barriers to clarify where protesters can congregate and to divert traffic from protesters. These barriers can also be utilized to separate groups with competing interests. If you desire, the Alamance Defendants are willing to discuss alternatives to physical barriers.

4) **Enforcement of emergency declarations issued by the city of Graham**

   As outlined in Item 1 above, the Alamance Defendants welcome your input and technical advice on best practices and other methods to reach our mutual goals. We are more than happy to discuss how the Alamance Defendants may better support the city of Graham.

5) **Increased access to the courthouse area**

   The Alamance Defendants welcome your input how to allow increased access to the courthouse area. As outlined above, the courthouse location presents challenges and the Alamance Defendants are concerned about allowing unfettered access to the monument or sidewalk around the courthouse during times court is in operation. It is their fear that protests on the grounds or steps of the courthouse would create safety hazards for courthouse workers and the public. Protests may also be intimidating to those wishing to go into the courthouse to conduct business. In the past, larger demonstrations seem to take place on weekends so it may be possible to work around that issue. The large demonstration held on July 11th, took place virtually in front of the monument, with a stage set up for speakers. Demonstrators obtained a permit from DOT to close the roadways around the monument and our personnel did not interfere in any way, except to take justified law enforcement action to charge a small numbers of individuals who had weapons or who were attempting to incite violence. As outlined above, it our hope that new policies and practices can ameliorate much of the parties' disagreement on this issue.

   On behalf of the county and ACSO, we are determined to do our best to uphold the constitutional rights of those who wish to protest in a legal fashion. We are willing to discuss these issues whenever feasible as we want to be open and transparent with the public.

   I hope this letter indicates our willingness to discuss these issues with you and hope to hear back from you with some proposed dates and times. This is a critical issue and one we would like to address as promptly as feasible.

   I look forward to hearing from you both soon and thank you in advance.

Very truly yours,
FRAZIER, HILL, & FURY R.L.L.P.

William L. Hill

WLH:mk
Cc: Clyde Albright
    Ben Pierce
    Anthony Biller