UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., <br><br>   *Plaintiffs*, <br><br> v. <br><br> JERRY PETERMAN, et al., <br><br>   *Defendants*. | Civil Action No. 1:20-cv-00613- CCE-LPA |

### REPLY IN SUPPORT OF PLANTIFFS' SECOND MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Urgent action by this Court is necessary to protect the First Amendment rights of Plaintiffs and countless others who wish to protest on the grounds of the Alamance County Historic Courthouse ("Courthouse"). Plaintiffs have requested a temporary restraining order and preliminary injunction to enjoin Defendants Terry Johnson, Eddie Boswell, Steve Carter, Bill Lashley, Amy Galey, Tim Sutton, and Bryan Hagood (collectively, the "County Defendants") from prohibiting protesters from accessing the Courthouse grounds — land that the County Defendants concede is a traditional public forum and yet land where they have continuously banned protest since June 2020. That ban is in effect today.[1]

---

[1] On July 31, 2020, the Alamance County Sheriffs' Office (ACSO) announced (via a post to its social media page) a set of temporary "restrictions" in response to "credible information of a largescale protest this weekend." According to the post, "citizens" are prohibited from protesting on the north side of the Courthouse, including the steps and sidewalk of the Courthouse, as well as the sidewalk surrounding the Confederate monument, at any time, nor can they protest anywhere else on the Courthouse property

1

County Defendants purport to rely on the government's interest in public safety to justify indefinite restrictions on access to this traditional public forum. But the fact that a protest may happen, even on contentious issues, is evidence of democracy, not of a public safety concern to be cured. "[A] function of free speech under our system of government is to invite dispute. It may indeed best serve its high purpose when it induces a condition of unrest, creates dissatisfaction with conditions as they are, or even stirs people to anger." *Terminiello v. City of Chicago*, 337 U.S. 1, 4 (1949). That is how speech leads to change; it cannot be a justification for barring access to a traditional public forum.

Equally, the Supreme Court has made clear that the government's concern with listeners' reactions cannot justify restrictions on speech. *See Forsyth Cty. v. Nationalist Movement,* 505 U.S. 123, 134 (1992) (holding that "[l]isteners' reaction to speech is not a content-neutral basis for regulation"). Rather, when balancing "free speech on one hand, and the state's power to maintain the peace on the other – the scale is heavily weighted in favor of the First Amendment." *Bible Believers v. Wayne County*, 805 F.3d 228, 252 (6th Cir. 2015) (citing *Terminiello*, 337 U.S. at 4).

County Defendants may have other, legitimate concerns about accommodating large demonstrations—including, for example, traffic or pedestrian safety concerns—but they already have tools at their disposal to address those, including traffic laws and criminal laws prohibiting violence and property destruction. In addition, Plaintiffs have acknowledged that the First Amendment allows the government to physically separate

---

before 5:30 PM and after 8:30 PM on weekdays or after dark on weekends. *See* "free speech zones" policy at https://www.facebook.com/AlamanceSheriff.

protesters with opposing views, while ensuring that they remain within sight and sound of one another, when doing so is necessary to avoid an imminent threat of lawlessness and to safeguard the free speech rights of all. *See, e.g., Grider v. Abramson*, 180 F.3d 739, 742–43 (6th Cir. 1999) (holding that a "contingency plan" that physically separated a Ku Klux Klan rally and counter-demonstrators to prevent specific threats of "violent confrontation" did not violate the First Amendment). To the extent County Defendants are concerned about regulating the time and place of competing demonstrations, they also have the authority to address those through reasonable, content-neutral time, place, and manner restrictions, including a constitutionally compliant permitting scheme.

But that is not what County Defendants have done. Rather than address discrete unlawful actions, they have indefinitely restricted access to a traditional public forum for all protesters. That is not narrowly tailored to serve a significant government interest. *See, e.g., United States v. Grace*, 461 U.S. 171, 182 (1983) (holding that a complete ban on protest on sidewalks in front of courthouse is unconstitutional); *Occupy Columbia v. Haley*, 738 F.3d 107, 123 (4th Cir. 2013) (holding that arresting protesters "simply for their [unpermitted] presence on State House grounds after 6:00 p.m." violated the First Amendment). Nor does it leave open ample alternative channels of communication for Plaintiffs, who seek specifically to protest at the Courthouse grounds because the Confederate monument is located there.

The layout of the Courthouse grounds and Confederate monument should not weigh against issuance of a temporary restraining order. The parties do not dispute that

3

the steps and sidewalk around the Courthouse and beside the monument constitute a traditional public forum, DE 54 (Alamance Def. Resp. to TRO) ¶ 18, so Defendants' limitations on First Amendment protected activity in that forum, whatever its size, must undergo heightened scrutiny. Nor is there any dispute that an indefinite ban on protests on the Courthouse grounds is unconstitutional.[2] The indefinite ban on protesters on the Courthouse grounds cannot survive that scrutiny and should be immediately enjoined.

Finally, Plaintiffs have been and remain open to discussions with all Defendants regarding how to resolve their claims in this action. Indeed, counsel for Plaintiffs and the County Defendants conferred immediately following the Court's hearing on July 30 and again on July 31. County Defendants have conveyed their intent to conform their conduct to the Constitution in the near future, but their unconstitutional policy cannot continue indefinitely in the meantime. A temporary order of 14 days, restraining the County Defendants from enforcing their policy restricting protester access to the sidewalk and steps of the Courthouse, is necessary and appropriate to protect Plaintiffs' First Amendment rights.

---

[2] Alamance County Defendants conceded this point during the temporary restraining order hearing on July 30, 2020.

4

Case 1:20-cv-00613-CCE-LPA   Document 55   Filed 08/03/20   Page 4 of 7

Respectfully submitted,                                    Dated: August 3, 2020

/s/ Kristi L. Graunke

Kristi L. Graunke                                          Vera Eidelman
North Carolina Bar No. 51216                               New York Bar No. 5646088
kgraunke@acluofnc.org                                      veidelman@aclu.org
Daniel K. Siegel                                           Emerson Sykes
North Carolina Bar No. 46397                               New York Bar No. 5020078
dsiegel@acluofnc.org                                       esykes@aclu.org
ACLU of North Carolina                                     ACLU Foundation
P. O. Box 28004                                            125 Broad Street, 18th Floor
Raleigh, NC 27611-8004                                     New York, NY 10004
Tel: 919-834-3466                                          Tel: 212-549-2500

/s/ Elizabeth Haddix                                       C. Scott Holmes
Elizabeth Haddix                                           Lockamy Law Firm
North Carolina Bar No. 25818                               North Carolina State Bar No. 25569
ehaddix@lawyerscommittee.org                               scott.holmes@lockamylaw.com
Mark Dorosin                                               3130 Hope Valley Road
North Carolina Bar No. 20935                               Durham, North Carolina 27707
mdorosin@lawyerscommittee.org                              Tel: 919-401-5913
Lawyers' Committee for Civil Rights Under Law
P.O. Box 956
Carrboro, NC 27510
Tel. 919-914-6106                                          *Counsel for Plaintiffs*

## **CERTIFICATE OF COMPLIANCE**

Relying on the word count function of Microsoft Word, I hereby certify that this brief complies with the word limitations set forth in LR 7.3.

/s/ Elizabeth Haddix
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on August 3, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide notice to all counsel of record.

/s/ Elizabeth Haddix
*Counsel for Plaintiffs*
