IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
NO. 1:20-CV-00613-CCE-LPA

NATIONAL ASSOCIATION FOR THE )
ADVANCEMENT OF COLORED PEOPLE, )
Alamance County Branch; TAMARA O. )
KERSEY; COLLEEN TENAE TURNER; )
TERENCE COLIN DODD; DESTINY )
CLARKE; NERISSA RIVERA; ADAM )
ROSE; ANNIE SIMPSON; GREGORY B. )
DRUMWRIGHT, )
                   Plaintiffs, )
 )
 )
    v. )
 )
 )
 )
JERRY PETERMAN, in his official capacity )
as Mayor of the City of Graham, North )
Carolina; FRANKIE MANESS, in his official )
capacity as Graham City Manager; CHIP )
TURNER, in his official capacity as Mayor )
Pro-Tem of the City of Graham; MELODY )
WIGGINS, JENNIFER TALLEY, and RICKY )
HALL, in their official capacities as Graham )
City Council Members; JEFFREY PRICHARD )
in his official capacity as Chief of the Graham )
Police Department; TERRY S. JOHNSON, in )
his official capacity as Sheriff of Alamance )
County; EDDIE BOSWELL, STEVE )
CARTER, BILL LASHLEY, AMY SCOTT )
GALEY and TIM SUTTON, in their official )
capacities as Alamance County )
Commissioners; and BRYAN HAGOOD, in )
his official capacity as Alamance County )
Manager, )
                 Defendants. )
_____

**ALAMANCE DEFENDANTS'
SUPPLEMENTAL REPLY IN
OPPOSITION TO PLAINTIFFS'
SECOND MOTION FOR
TEMPORARY RESTRAINING
ORDER AND PRELIMINARY
INJUNCTION**

1

As the Plaintiffs agree in their Supplemental Briefing, "Defendants may address specific unlawful conduct by enforcing generally applicable laws prohibiting the obstruction of traffic, banning the use of weapons, prohibiting assault, and the like. If specific threats of imminent unlawful activity arise, Defendants maintain the authority and responsibility to protect the safety and rights of all people involved" (D.E. 59, p.5). Further, "full access to the traditional public forum must be the default." Id.

Pursuant to this Court's Order of August 7, 2020, the Alamance County Defendants provided the Court with a proposed Facility Use Policy, submitted as Exhibit A to Supplemental Briefings (D.E. 58-1), to continue to allow peaceful protests around the Courthouse and monument. In return, Plaintiffs have filed a brief identifying every area as a traditional public forum (D.E. 59).

The Alamance Defendants respectfully submit that their proposed Facility Use Policy complies with the United States Constitution for the following reasons:

1. The Alamance County Historic Courthouse (including the location of the Confederate Monument) predates the current automobile era. The location and layout are not an ideal place for gathering and expressive conduct. No one involved in the current litigation designed this layout, but any policy adopted must deal with the physical constraints of the Historic Courthouse grounds. As an example, the crosswalks in the Facility Use Policy cross Highway 87, which is not owned by the County, and which is traversed by vehicles, including tractor trailer trucks. If these crosswalks are not accessible, then people wishing to access the Historic Courthouse will be forced further into unsafe traffic.

2

2.  The Facility Use Policy defines the components of the Historic Courthouse grounds and then establishes presumptions that apply within those zones. Additionally, the Facility Use Policy clearly establishes that the default rule is open access to free expression. Where limited restrictions on time, manner, or place are imposed, the policy tries to limit its impact by providing alternative channels. Any restrictions imposed are narrowly-drawn and based on actual physical elements. For instance, emergency egress from the building is an important element of fire safety. Egress from the Historic Courthouse is via the four doorways and these doorways need to remain unobstructed. As a result, the Facility Use Policy provides that the doorways and steps cannot be blocked or obstructed. However, the ground level Landings, which are less confined than the doorways and steps, are presumptively open for free expression. In addition, in order to create an alternative channel for communication, the South Entrance steps are opened, because the broader steps and more expansive Landing area allow more freedom of movement. The building façade here is virtually identical to the North Side Entrance and allows the same degree of visibility to traffic.

3.  The Facility Use Policy creates three broad types of gatherings: 1) Small Gatherings; 2) Large Gatherings; 3) Organized Gatherings. The default presumption for Small Gatherings is that free expression is allowed and that law enforcement will only respond to specific unlawful conduct. As these small gatherings grow, the potential threat to public safety grows. The Facility Use

3

Policy addresses this concern by establishing that the default rule is open access to free expression. However, if there is specific unlawful conduct, then a Large Gathering (and only a Large Gathering) may have additional temporary time, manner, and place restrictions imposed to deal with the specific unlawful conduct. As a check on this authority, whenever these restrictions are imposed, both the unlawful conduct and the restriction imposed will be reduced to writing. Finally, Organized Gatherings provide an opportunity for dialogue and problem-solving regarding the physical limitations of the Historic Courthouse. The default presumption is that Organized Gatherings will be allowed, and specific reasons will be provided if any permit is denied.

4. Additionally, transparency is important. The overarching goal of the Facility Use Policy is to make the use and enforcement of the Historic Courthouse grounds clear to both people who wish to gather and to law enforcement. However, this goal would be thwarted if every possible public safety concern was listed and detailed as it would create a document of unwieldy length. As the policy is implemented, circumstances may arise which require a new balance between accessibility and comprehensiveness to be drawn. Likewise, some of the language chosen for the Policy may prove to be inartful. This is not a flaw in the Facility Use Policy but the normal method by which change occurs.

5. These Defendants have provided this Court with a proposed solution to the problem, but it is apparent Plaintiffs will not be satisfied. The facts are that there

4

have been no large-scale arrests and no protesters have been prevented from demonstrating. Plaintiffs seek to paint a picture of government intrusion on their rights and an overbearing Sheriff's Office. The Alamance County Sheriff's Office believes it has done all it can to protect the protesters.

6. The Alamance County Defendants respectfully submit that the Facility Use Policy is a content-neutral policy that imposes narrowly-drawn reasonable time, manner, and place restrictions.

RESPECTFULLY SUBMITTED.

This the 14th day of August, 2020

/s/ William L. Hill_____
William L. Hill (NCSB #21095)
*Attorney for Alamance Defendants*

**FRAZIER, HILL & FURY, R.L.L.P.**
2307 W. Cone Boulevard, Suite 260
Post Office Drawer 1559
Greensboro, North Carolina 27401
Telephone: (336) 378-9411
Facsimile: (336) 274-7358
whill@frazierlawnc.com

/s/Clyde B. Albright_____
Clyde B. Albright (NCSB #10778)
*Attorney Alamance Defendants*

**ALAMANCE COUNTY ATTORNEY**
124 West Elm Street
Graham, NC 27253
(336) 570-4046 (voice)

5

(336) 570-6788 (facsimile)
Clyde.Albright@alamance-nc.com

## CERTIFICATE OF WORD COUNT

The undersigned hereby certifies that the foregoing document complies with the type-volume limitations of L.R. 7.3(d)(1) and (2) and contains 846 words, excluding those portions exempted by the rule.

This the 14th day of August, 2020.

/s/William L. Hill
William L. Hill

Case 1:20-cv-00613-CCE-LPA   Document 61   Filed 08/14/20   Page 7 of 8

# CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the foregoing **ALAMANCE DEFENDANTS' SUPPLEMENTAL REPLY IN OPPOSITION TO PLAINTIFFS' SECOND MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** was duly served upon all parties hereto in accordance with the provisions of Rule 5 of the Federal Rules of Civil Procedure through the CM/ECF system in effect for the United States District Court for the Middle District of North Carolina as follows:

## Counsel for Plaintiffs

Kriste L. Graunke: kgraunke@acluofnc.org
Daniel K. Siegel: dsiegel@acluofnc.org
Elizabeth Haddix: ehaddix@lawyerscommittee.org
Mark Dorosin: mdorosin@lawyerscommittee.org
Vera Eidelman: veidelman@aclu.org
Emerson Sykes: esykes@aclu.org
C. Scott Holmes: scott.holmes@lockamylaw.com

## Counsel for Defendants

Clyde B. Albright: clyde.albright@alamance-nc.com
Anthony J. Biller: ajbiller@michaelbest.com

This the 14th day of August, 2020.

/s/ William L. Hill
William L. Hill (NCSB #21095)
*Attorney for Alamance Defendants*

8