IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
NO. 1:20-CV-00613-CCE-LPA

NATIONAL ASSOCIATION FOR THE )
ADVANCEMENT OF COLORED PEOPLE, )
Alamance County Branch, et al., )
                                             )
            Plaintiffs,                      )      **ALAMANCE DEFENDANTS'**
                                             )      **ANSWER TO FIRST AMENDED**
                                             )      **COMPLAINT**
      v.                                     )
                                             )
                                             )
TERRY S. JOHNSON, in his official capacity   )
as Sheriff of Alamance County, et al.,       )
                                             )
            Defendants.                      )
_____

        NOW COME Terry S. Johnson, in his official capacity as Sheriff of Alamance

County; Eddie Boswell, Steve Carter, Bill Lashley, Amy Scott Galey and Tim Sutton, in

their official capacities as Alamance County Commissioners; and Bryan Hagood, in his

official capacity as Alamance County Manager (hereinafter collectively referred to as

"Alamance Defendants"), in Answer to the First Amended Complaint of the Plaintiffs

(D.E. 27) and say:

                              NATURE OF THE ACTION

        1.      Plaintiff's Amended Complaint of July 2, 2020 speaks for itself.  To the

extent any of these allegations are directed at these Defendants, DENIED.

2.      Plaintiff's Amended Complaint of July 2, 2020 speaks for itself.  To the extent any of these allegations are directed at these Defendants, DENIED.

3.      The Court's Temporary Restraining Order speaks for itself.  It is ADMITTED the Court entered a Temporary Restraining Order.  It is DENIED that these Defendants have any legal liability to Plaintiffs in this matter.

4.      ADMITTED upon information and belief.

5.      It is DENIED that these Defendants violated Plaintiffs civil rights or are liable to Plaintiffs.  Except as addressed, DENIED.

6.      DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

7.      It is ADMITTED that Plaintiffs challenge the issuance of state of emergency orders.  It is DENIED that these Defendants are liable to Plaintiffs.

8.      The July 2, 2020 post by Graham speaks for itself and does not require a response.  To the extent a response is required, it is DENIED that these Defendants are liable to Plaintiffs.

9.      DENIED.

10.     It is ADMITTED that Plaintiffs seek injunctive relief in this action.  It is DENIED that these Defendants are liable to Plaintiffs.

JURISDICTION AND VENUE

11.    ADMITTED.

12.    ADMITTED.

13.    ADMITTED.

## PARTIES

14.    ADMITTED upon information and belief.

15.    ADMITTED upon information and belief.

16.    ADMITTED upon information and belief.

17.    ADMITTED upon information and belief.

18.    ADMITTED upon information and belief.

19.    ADMITTED upon information and belief.

20.    ADMITTED upon information and belief.

21.    ADMITTED upon information and belief.

22.    ADMITTED upon information and belief.

23.    It is ADMITTED that Plaintiffs sued Defendant Peterman in his official capacity.  These allegations are not directed at these Defendants and therefore, no response is required.  To the extent a response is required, it is DENIED that these Defendants are liable to Plaintiffs in this action.

3

24.     It is ADMITTED upon information and belief that Defendant Maness is the city manager of Graham.  These allegations are not directed at these Defendants and therefore, no response is required.  To the extent a response is required, it is DENIED that these Defendants are liable to Plaintiffs in this action.

25.     It is ADMITTED upon information and belief that Defendant Turner is the Mayor Pro-Tem of the City of Graham.  These allegations are not directed at these Defendants and therefore, no response is required.  To the extent a response is required, it is DENIED that these Defendants are liable to Plaintiffs in this action.

26.     It is ADMITTED upon information and belief that Defendant Wiggins is a Graham City Council Member.  These allegations are not directed at these Defendants and therefore, no response is required.  To the extent a response is required, it is DENIED that these Defendants are liable to Plaintiffs in this action.

27.     It is ADMITTED upon information and belief that Defendant Talley is a Graham City Council Member.  These allegations are not directed at these Defendants and therefore, no response is required.  To the extent a response is required, it is DENIED that these Defendants are liable to Plaintiffs in this action.

28.     It is ADMITTED upon information and belief that Defendant Hall is a Graham City Council Member.  These allegations are not directed at these Defendants and therefore, no response is required.  To the extent a response is required, it is DENIED that these Defendants are liable to Plaintiffs in this action.

4

29.     It is ADMITTED upon information and belief that Defendant Prichard is the Chief of the Graham Police Department.  These allegations are not directed at these Defendants and therefore, no response is required.  To the extent a response is required, it is DENIED that these Defendants are liable to Plaintiffs in this action.

30.     ADMITTED.

31.     It is ADMITTED that Defendant Boswell is an Alamance County Commissioner and is sued in his official capacity.  It is DENIED that this Defendant has any legal liability to Plaintiffs.

32.     It is ADMITTED that Defendant Carter is an Alamance County Commissioner and is sued in his official capacity.  It is DENIED that this Defendant has any legal liability to Plaintiffs.

33.     It is ADMITTED that Defendant Lashley is an Alamance County Commissioner and is sued in his official capacity.  It is DENIED that this Defendant has any legal liability to Plaintiffs.

34.     It is ADMITTED that Defendant Galey is an Alamance County Commissioner and is sued in her official capacity.  It is DENIED that this Defendant has any legal liability to Plaintiffs.

35.     It is ADMITTED that Defendant Sutton is an Alamance County Commissioner and is sued in his official capacity.  It is DENIED that this Defendant has any legal liability to Plaintiffs.

36.     It is ADMITTED that Defendant Hagood is the Manager of Alamance County.  It is DENIED that Defendant Hagood has any legal liability to Plaintiffs.

FACTUAL ALLEGATIONS

37.     It is ADMITTED upon information and belief that the Confederate monument was constructed in 1914 and supported by the United Daughters of the Confederacy.  Except as admitted, DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

38.     DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

39.     DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

40.     DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

41.     DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

42.     ADMITTED upon information and belief.

43.     DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

44.     DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

45.     The inscription on the monument speaks for itself and requires no response. To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs.

46.     It is ADMITTED that there have been protests at the Historic Courthouse. It is DENIED that these Defendants have any legal liability to Plaintiffs.

47.     It is ADMITTED that there have been protests at the Historic Courthouse. It is DENIED that these Defendants have any legal liability to Plaintiffs.

48.     DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

49.     ADMITTED.

50.     It is ADMITTED that there have been requests to move the monument.  It is DENIED that these Defendants have any legal liability to Plaintiffs.

51.     It is ADMITTED that George Floyd died while in police custody.  Except as admitted, DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

52.     These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

7

53.     These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

54.     These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

55.     These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

56.     These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

57.     These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

58.     These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

59. These allegations are not directed at these Defendants and therefore do not require a response. To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

60. These allegations are not directed at these Defendants and therefore do not require a response. To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

61. These allegations are not directed at these Defendants and therefore do not require a response. To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

62. These allegations are not directed at these Defendants and therefore do not require a response. To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

63. These allegations are not directed at these Defendants and therefore do not require a response. To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

64. These allegations are not directed at these Defendants and therefore do not require a response. To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

65.     These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

66.     These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

67.     These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

68.     These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

69.     These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

70.     These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

71.     These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

72.     These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

73.     These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

74.     These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

75.     These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

76.     These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

77.     The Facebook post speaks for itself.  It is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

78.     The Facebook post speaks for itself.  It is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

80.     These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

81.     These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

82.     These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

83.     These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

84.     These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

85.     These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

12

86.     These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

87.     ADMITTED.

88.     ADMITTED.

89.     ADMITTED.

90.     ADMITTED.

91.     ADMITTED.

92.     It is ADMITTED that demonstrations have occurred in the area of the Historic Courthouse.  It is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

93.     It is ADMITTED that demonstrations have occurred in the area of the Historic Courthouse.  It is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

94.     DENIED.

95.     DENIED  as stated.

96.     It is ADMITTED that barriers were placed at times to protect property and people from injury or damage.  It is DENIED that these Defendants have any legal liability to Plaintiffs.

97.     These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

98.     It is ADMITTED that the Sheriff's Office took steps they believed were lawful to protect property and individuals from injury or damage.  It is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

99.     It is ADMITTED that the Sheriff's Office took steps they believed were lawful to protect property and individuals from injury or damage.  It is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

100.    It is ADMITTED that the Sheriff's Office took steps they believed were lawful to protect property and individuals from injury or damage.  It is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

101.    It is ADMITTED that the Sheriff's Office took steps they believed were lawful to protect property and individuals from injury or damage.  It is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

102.    It is ADMITTED that the Sheriff's Office took steps they believed were lawful to protect property and individuals from injury or damage.  It is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

103.    DENIED.

104.    It is ADMITTED that there have been ongoing demonstrations in the Historic Courthouse area.

105.    It is ADMITTED that the Alamance County Sheriff's Office has acted to protect all demonstrators from retaliation, to include Plaintiffs.

106.    DENIED.

107.    ADMITTED.

108.    ADMITTED  upon information and belief.

109.    The contentions in paragraph 109 speak for themselves.  It is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

110.    DENIED.

111.    DENIED.

112.    DENIED.

113.    It is DENIED that these Defendants have any legal liability to Plaintiff Kersey.

114.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

115.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

15

116.    It is DENIED that these Defendants have any legal liability to Plaintiff Kersey.

117.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

118.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiff Turner.

119.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiff Turner.

120.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiff Turner.

121.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiff Turner.

122.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiff Turner.

123.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiff Turner.

124.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiff Turner.

125.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiff Turner.

126.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiff Turner.

127.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiff Turner.

128.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiff Turner.

129.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiff Turner.

130.    It is ADMITTED upon information and belief that Plaintiff Dodd encountered Alamance County Sheriff's Office deputies sometime on June 27, 2020. Otherwise, DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

131.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

132.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

133.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

134.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.  It is further DENIED that the lack of a mask subjects these Defendants to legal liability to Plaintiff Dodd.

135.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

136.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

18

137.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

138.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

139.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

140.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

141.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

142.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

143.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

144.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

145.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

146.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

147.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

148.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

149.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

150.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

151.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

152.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

153.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

154.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

155.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

156.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

157.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

158.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

159.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

160.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

161.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

162.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

163.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

164.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

165.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

166.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

167.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

168.    It is ADMITTED upon information and belief a conversation was held between Plaintiff Simpson, or someone acting on her behalf, and Defendant Hagood's office.  Except as admitted, Defendants are without knowledge of the contents of the conversation.  Thus, this allegation is DENIED and it is further DENIED that these Defendants are legally liable to Plaintiffs in this matter.

169.    It is ADMITTED upon information and belief a conversation was held between Plaintiff Simpson, or someone acting on her behalf, and Defendant Hagood's office.  Except as admitted, Defendants are without knowledge of the contents of the conversation.  Thus, this allegation is DENIED and it is further DENIED that these Defendants are legally liable to Plaintiffs in this matter.

170.    It is ADMITTED upon information and belief a conversation was held between Plaintiff Simpson, or someone acting on her behalf, and Defendant Hagood's office.  Except as admitted, Defendants are without knowledge of the contents of the conversation.  Thus, this allegation is DENIED and it is further DENIED that these Defendants are legally liable to Plaintiffs in this matter.

171.    It is ADMITTED upon information and belief a conversation was held between Plaintiff Simpson, or someone acting on her behalf, and Defendant Hagood's office.  Except as admitted, Defendants are without knowledge of the contents of the conversation.  Thus, this allegation is DENIED and it is further DENIED that these Defendants are legally liable to Plaintiffs in this matter.

172.    It is ADMITTED upon information and belief a conversation was held between Plaintiff Simpson, or someone acting on her behalf, and Defendant Hagood's office.  Except as admitted, Defendants are without knowledge of the contents of the conversation.  Thus, this allegation is DENIED and it is further DENIED that these Defendants are legally liable to Plaintiffs in this matter.

173.    It is ADMITTED upon information and belief a conversation was held between Plaintiff Simpson, or someone acting on her behalf, and Defendant Hagood's office.  Except as admitted, Defendants are without knowledge of the contents of the conversation.  Thus, this allegation is DENIED and it is further DENIED that these Defendants are legally liable to Plaintiffs in this matter.

174.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

175.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

176.   These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

177.   These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

178.   These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

179.   These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

180.   These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

181.   These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

182.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

183.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

184.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

185.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

186.    These allegations are not directed at these Defendants and therefore do not require a response.  To the extent a response is required, it is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

187.    ADMITTED upon information and belief.

188.    ADMITTED upon information and belief.

189.    It is ADMITTED that actions were taken for the protection of demonstrators, counter demonstrators, onlookers, and law enforcement personnel.  It is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

26

190.    It is ADMITTED that actions were taken for the protection of demonstrators, counter demonstrators, onlookers, and law enforcement personnel.  It is DENIED that these Defendants have any legal liability to Plaintiffs in this action.

191.    DENIED as stated.

192.    DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

193.    DENIED that these Defendants are legally liable to Plaintiffs in this action.

## CLAIMS FOR RELIEF

194.    These Defendants hereby incorporate by reference their responses to paragraphs 1-194 of the Amended Complaint.

195.    It is ADMITTED that Plaintiffs seek to assert claims against these Defendants.  It is DENIED that these Defendants are legally liable to Plaintiffs in this action.

196.    It is ADMITTED that Plaintiffs seek to assert claims against these Defendants.  It is DENIED that these Defendants are legally liable to Plaintiffs in this action.

197.    It is ADMITTED that Plaintiffs seek to assert claims against these Defendants.  It is DENIED that these Defendants are legally liable to Plaintiffs in this action.

198.     It is ADMITTED that Plaintiffs seek to assert claims against these Defendants.  It is DENIED that these Defendants are legally liable to Plaintiffs in this action.

199.     It is ADMITTED that Plaintiffs seek to assert claims against these Defendants.  It is DENIED that these Defendants are legally liable to Plaintiffs in this action.

200.     These Defendants hereby incorporate by reference their responses to paragraphs 1-199 of the Amended Complaint.

201.     It is ADMITTED that Plaintiffs seek to assert claims against these Defendants.  It is DENIED that these Defendants are legally liable to Plaintiffs in this action.

202.     It is ADMITTED that Plaintiffs seek to assert claims against these Defendants.  It is DENIED that these Defendants are legally liable to Plaintiffs in this action.

203.     It is ADMITTED that Plaintiffs seek to assert claims against these Defendants.  It is DENIED that these Defendants are legally liable to Plaintiffs in this action.

## FIRST FURTHER DEFENSE

Plaintiffs' Amended Complaint fails to state a cause of action against Defendants Boswell, Carter, Lashley, Galey, Sutton, or Hagood and this claim must be dismissed against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND FURTHER DEFENSE

N.C.G.S. § 153A-69 does not provide for a private cause of action or civil liability for alleged violations.  Thus, all claims against Defendants Boswell, Carter, Lashley, Galey, Sutton, and Hagood must be dismissed.

## THIRD FURTHER DEFENSE

All claims against Defendants Boswell, Carter, Lashley, Galey, Sutton, and Hagood in their official capacity are claims against Alamance County itself.  The County, as opposed to the Commissioners and Manager would be the proper party in this action. Thus, the claims should be amended to reflect same.

## FOURTH FURTHER DEFENSE

Plaintiffs' Amended Complaint fails to state a cause of action against Defendant Johnson and this claim must be dismissed against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FIFTH FURTHER DEFENSE

Plaintiffs have dismissed all claims against the Graham Defendants, Peterman, Maness, Turner, Wiggins, Talley, Hall, and Pritchard.  As alleged in the Amended Complaint, Alamance County Sheriff's Office personnel were, at all times pertinent to

29

the Amended Complaint, acting at the request of the Graham Defendants, and state of emergency declarations issued by them, specifically ACSO personnel were acting at the request and directive of the Graham Police Department pursuant to a mutual aid agreement as recognized under North Carolina law ("Exhibit **1**").  The Amended Complaint contains no allegations that the Alamance Defendants acted outside the scope of the Graham request or emergency declaration.  Thus, these Defendants plead the release of the Graham Defendants in bar or some claims asserted against them.

<strong>SIXTH FURTHER DEFENSE</strong>

According to the Amended Complaint, Plaintiffs Kersey, Turner, Rivera, Simpson, and Rose allege no cognizable injury.  They did not engage in protests, and were not prohibited from expressing their views.  Thus, Plaintiffs Kersey, Turner, Rivera, Simpson, and Rose lack standing to bring this claim and must be dismissed for lack of standing.

<strong>SEVENTH FURTHER DEFENSE</strong>

Following the Court's entry of Temporary Restraining Order on July 6, 2020 (D.E. 15) and the Court's entry of Preliminary Injunction on August 14, 2020 (D.E. 63), these Defendants, in coordination with Plaintiffs have created a use policy concerning protests on the Historic Courthouse grounds.  These Defendants have attached this policy hereto as "Exhibit **2**" and contend that this policy moots the Complaint against them.

30

## PRAYER FOR RELIEF

WHEREFORE, Alamance Defendants respectfully pray that the Court grant unto the Defendants the following:

a)      Plaintiffs' claims against them be dismissed;

b)      That the cost of this action, to include reasonable attorney's fees, be taxed to the Plaintiffs;

c)      That all issues triable be tried by a jury and;

d)      For all such other and further relief that the Court may deem just and proper.

RESPECTFULLY SUBMITTED.

This the 29th day of October, 2020

/s/ William L. Hill_____
William L. Hill (NCSB #21095)
*Attorney for Alamance Defendants*

**FRAZIER, HILL & FURY, R.L.L.P.**
2307 W. Cone Boulevard, Suite 260
Post Office Drawer 1559
Greensboro, North Carolina 27401
Telephone:    (336) 378-9411
Facsimile:     (336) 274-7358
whill@frazierlawnc.com

/s/Clyde B. Albright_____
Clyde B. Albright (NCSB #10778)
*Attorney for Alamance Defendants*

31

**ALAMANCE COUNTY ATTORNEY**
124 West Elm Street
Graham, NC 27253
(336) 570-4046 (voice)
(336) 570-6788 (facsimile)
Clyde.Albright@alamance-nc.com

32

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the foregoing **ALAMANCE DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** was duly served upon all parties hereto in accordance with the provisions of Rule 5 of the Federal Rules of Civil Procedure through the CM/ECF system in effect for the United States District Court for the Middle District of North Carolina as follows:

### Counsel for Plaintiffs

Kriste L. Graunke: kgraunke@acluofnc.org
Daniel K. Siegel: dsiegel@acluofnc.org
Elizabeth Haddix: ehaddix@lawyerscommittee.org
Mark Dorosin: mdorosin@lawyerscommittee.org
Vera Eidelman: veidelman@aclu.org
Emerson Sykes: esykes@aclu.org
C. Scott Holmes: scott.holmes@lockamylaw.com

### Counsel for Defendants

Clyde B. Albright: clyde.albright@alamance-nc.com
Anthony J. Biller: ajbiller@michaelbest.com

This the 29th day of October, 2020.

/s/ William L. Hill
William L. Hill (NCSB #21095)
*Attorney for Alamance Defendants*

33