IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE,
et al.,

        *Plaintiffs*,

v.

JERRY PETERMAN, et al.,

        *Defendants*.

1:20-CV-613

## CONSENT ORDER AND JUDGMENT

Plaintiffs Alamance County Branch of the National Association for the Advancement of Colored People ("NAACP"), Tamara O. Kersey, Carleen Tenae Turner, Terence Colin Dodd, Destiny Clarke, Annie Simpson, Nerissa Rivera, Adam Rose, and Gregory Drumwright, and Defendants Terry S. Johnson, Pamela Thompson, Steve Carter, Bill Lashley, Jr.,[1] Craig Turner, Jr., John Paisley, and Bryan Hagood (collectively, "County Defendants"),[2] have jointly moved for a Consent Order resolving all of Plaintiffs' claims against the Alamance County Defendants in the above-captioned case.

After review of the filings in this case, including the Court's August 14, 2020

---

[1] Various changes to the County Board of Commissioners have occurred since this lawsuit was filed. Accordingly, pursuant to Fed. R. Civ. P. 25(d), Bill Lashley, Jr., John Paisley, Pamela Thompson, and Craig Turner, Jr. are substituted for Defendants Bill Lashley, Amy Scott Galey, Tim Sutton, and Eddie Boswell.

[2] Plaintiffs have settled claims asserted in this case against Defendants Jerry Peterman, Frankie Maness, Chip Turner, Melody Wiggins, Jennifer Talley, Ricky Hall, and Jeffrey Prichard (collectively, "the City Defendants") and those defendants were accordingly dismissed from this action by stipulation filed on October 13, 2020. *See* DE 68.

Memorandum Opinion and Order for Preliminary Injunction and Plaintiffs' and the County Defendants' ("the Parties") Joint Motion for Consent Order, the Court hereby **GRANTS** the Parties' joint motion for a Consent Order.

## PROCEDURAL HISTORY

This case began on July 2, 2020, when Plaintiffs filed a complaint under 42 U.S.C. § 1983 and a motion for temporary restraining order and preliminary injunction challenging enforcement of an ordinance enacted by the City of Graham that governed the activities of protestors in the City. Among other things, the Ordinance required any group of "two or more persons" gathering "for the purpose of protesting any matter or making known any position or thought of the group or of attracting attention thereto" and anyone at all "march[ing] . . . upon the public streets, sidewalks, parks, or other public places" to acquire a permit from the Graham police chief at least 24 hours in advance. See DE 1, 2. Plaintiffs are the Alamance County Branch of the NAACP and eight individuals who regularly attempt to exercise their rights under the First Amendment to the United States Constitution. When this case was filed, the Defendants fell into two groups: the City Defendants—the mayor, city council members, city manager, and police chief for the City of Graham, and the County Defendants, including Defendant Johnson. DE 27, ¶¶ 23–36.

On July 5, 2020, Plaintiffs and the City Defendants jointly moved for — and Defendant Johnson consented to — entry of a consent temporary restraining order enjoining the Graham Defendants and Defendant Johnson from enforcing the Graham ordinance. DE 11. On July 6, the Court granted Plaintiffs' motion, restraining Defendants from enforcing the Ordinance, ordering that the Ordinance shall have no force or effect

pending further orders of the Court, and setting the hearing on Plaintiffs' Preliminary Injunction Motion. DE 15. The Graham City Council repealed the challenged ordinance on July 14, 2020, and on July 15, 2020 Plaintiffs withdrew their motion for a preliminary injunction enjoining enforcement of the Ordinance. DE 23.

On July 17, 2020, Plaintiffs filed an amended complaint alleging continued actions by Defendants to suppress their First Amendment rights, as well as the rights of other protestors, by prohibiting protests around the Historic Alamance County Courthouse ("the Courthouse") and by imposing restrictions on protests through the City of Graham's repeated issuance of "State of Emergency Declarations." DE 27 ¶¶ 5–10. On July 28, 2020, Plaintiffs filed a Second Motion for Temporary Restraining Order and Preliminary Injunction directed against those actions. DE 47. The City Defendants filed a written response with evidence, DE 53, 53-1–53-4, as did the County Defendants, DE 54, 54-1–54-9, and a hearing was held on July 30, 2020. Minute Entry 07/30/2020. Following the hearing, Plaintiffs filed a reply brief, DE 55, and the County Defendants filed a sur-reply, DE 56.

On August 7, 2020, the Court entered an order finding that Plaintiffs were likely to be successful on their claims that the County Defendants were violating their First Amendment rights by prohibiting protests on the steps, grounds, and sidewalks surrounding the Courthouse, and that they would likely suffer irreparable harm absent preliminary relief. DE 57. The court also held that it was "advisable to give the defendants a short period of time to plan for entry of the preliminary injunction and, if they choose, to develop reasonable time, place, and manner restrictions to protect public

3

safety and county property during ongoing protests on courthouse grounds." *Id.*

On August 12, 2020, the County Defendants filed a response describing a post-injunctive plan and attaching new facility use policy ("August 12 Policy") governing public access to the Courthouse grounds. DE 58. Plaintiffs also filed a response, arguing that the County Defendants' proposed plan fails to comply with constitutional requirements. DE 59. Both parties filed supplemental briefs. DE 60, 61.

On August 14, the Court issued a Memorandum Opinion and Order (DE 62) finding the following:

- The Courthouse steps and grounds and the sidewalks immediately surrounding the Courthouse are traditional public fora. *Id.* at 7, 12.

- After the death of George Floyd at the hands of a police officer in May, protests near the Courthouse increased. *Id.* at 7.

- Law enforcement in Graham and Alamance County became aware of news reports of violence and property damage during protests in Fayetteville, Greensboro, and Raleigh, including a fire that damaged the Guilford County Courthouse in Greensboro; however, although there was some evidence of a few threats of property damage in Graham, there was no actual property damage in or around the Courthouse square. *Id.* at 7–8.

- Around this time, the Alamance County Sheriff's Office prohibited any protestors on the Courthouse steps, the sidewalks immediately adjacent to and surrounding the Courthouse, the space between the sidewalk and the

4

- monument, the crosswalk beside the monument, and on or beside the monument itself. *Id.* at 8.

- On multiple occasions throughout June and July and into August, the plaintiffs and other protestors were explicitly threatened with arrest; had their access to the Courthouse sidewalk, steps, and grounds restricted, often upon implicit threat of arrest; some were arrested for coming too close to, but not on, the monument, or coming onto the Courthouse sidewalks or steps. *Id.* at 9.

- The Sheriff's prohibition remained in place through early August, relaxing somewhat when the Court indicated on August 7 that a preliminary injunction was likely. *Id.* at 10.

- Following the court's ruling on August 7, the County Defendants enacted the August 12 Policy governing the use of the Courthouse grounds (DE 58-1).

- Plaintiffs contended that the August 12 Policy remains overly broad and continued to violate the First Amendment. County Defendants contended that the August 12 Policy was a constitutionally sound time, place, and manner restriction that was narrowly tailored and resolved the constitutional infirmities identified by the Court in its August 7 Memorandum Opinion and Order. *Id.* at 10.

- The question of whether the August 12 Policy — as written or as applied — violates Plaintiffs' First Amendment rights was not ripe for consideration at the time of the Court's August 14 order. *Id.* at 10.

Before enacting the Facility Use Policy, the Alamance Defendants conferred with counsel for Plaintiffs, and made some, but not all, modifications to the Policy that were requested by Plaintiffs.

On August 14, the Court entered a Preliminary Injunction, finding 1) Plaintiffs had demonstrated they were likely to succeed on the merits of their claims that the total prohibition on protests on the Courthouse steps, grounds, sidewalks, and reserved parking area (collectively "Courthouse area") was not a reasonable time, place or manner restriction, nor narrowly tailored to serve a legitimate government interest; 2) because Plaintiffs intend to continue to exercise their First Amendment rights on the Courthouse area, they will suffer irreparable harm absent injunctive relief; and 3) that the equities and public interest favor a preliminary injunction. DE 62 at 14-15. County Defendants were restrained and enjoined from prohibiting all protests on the following spaces in and around the Alamance County Historic Courthouse in Graham, North Carolina: a) the steps on the north, east, south, and west sides of the Courthouse steps; b) the lawns between the sidewalks and the Courthouse; c) the sidewalk encircling the Courthouse and the shorter walkways connecting the steps on each side to that encircling sidewalk; and d) the area marked "reserved" between the Courthouse sidewalk and the Confederate monument, where cars do not drive or park. DE 63 at 3. Nothing in the Preliminary Injunction prohibits the Defendants from imposing reasonable time, place, and manner restrictions for use of the Courthouse spaces nor prohibits the defendants from temporarily restricting access to the outdoor Courthouse spaces set forth above during short-term emergency situations. *Id.*

6

Case 1:20-cv-00613-CCE-LPA   Document 78   Filed 04/21/21   Page 6 of 11

County Defendants filed an Answer on October 29, 2020, attaching a copy of the facility use policy as last revised on September 9, 2020 ("September 9 Policy"). DE 69, 69-2.

**FINDINGS**

1. The Parties agree that settlement of the claims asserted in Plaintiffs' original and Amended Complaints is in the best interests of the Parties and the public; and that entry of the Consent Order is a fair and reasonable alternative to litigating Plaintiffs' claims to conclusion. The Court agrees.

2. This Consent Order has been negotiated at arms-length and in good faith, and the Parties agree that the Consent Order is fair, reasonable, and in the public interest.

3. In agreeing to this Consent Order, no party admits past, current, or future fault or liability on any matters related to Plaintiffs' original and Amended Complaints. Nor do Plaintiffs concede that any of County Defendants' past or current policies, practices, or actions related to protests in the Historic Courthouse area are constitutional.

In light of the foregoing, and this Court's August 7, 2020 Memorandum Opinion and Order, the August 14, 2020 Memorandum Opinion and Order, and the August 14, 2020 Preliminary Injunction, the findings, analysis, and conclusions of which are incorporated herein, it is hereby **ORDERED and ADJUDGED** that:

1. The steps on the north, east, south, and west sides of the Courthouse; the lawns between the sidewalks and the Courthouse; the sidewalk encircling the Courthouse and the shorter walkways connecting the steps on each side to that encircling sidewalk; and the area marked "reserved" between the Courthouse sidewalk and the Confederate

7

monument, where cars do not drive or park, are traditional public fora which must be open for members of the public to exercise their First Amendment rights.

2. The County Defendants, and their officers, attorneys, agents, and employees, and other persons who are in active concert and participation with them, shall not totally prohibit all protests in the spaces described in paragraph 1 above. The County Defendants may establish reasonable time, place, and manner restrictions for use of Courthouse public forum areas described in paragraph 1, above. However, in adopting or applying any such restrictions, the County Defendants must ensure that those restrictions are consistent with applicable law, including ensuring such restrictions are content – and viewpoint- neutral.

3. Any policies or practices the County Defendants have adopted or will adopt with respect to protests, marches, rallies, and other assemblies on Alamance County property shall be promulgated, administered, applied, and enforced in a viewpoint- and content- neutral manner.

4. The County Defendants shall adopt the following amendments to their current Facility Use Policy by no later than 30 days following entry of this Order and shall provide Plaintiffs' counsel with a copy of the amended policy:

    a. a statement that individuals who cannot pay the $25.00 use fee can seek a waiver, and that their permit application will not be denied for failure to pay; and

    b. the following bullet point to those listed under "Guiding Principles:

> "While permits are necessary to reserve a space, permits are not required for expressive activity on the courthouse sidewalks, landings, and south entrance steps, whether during or outside of courthouse hours. During courthouse hours, expressive activity may also occur in the reserved parking space, but only with a permit. Outside of courthouse business hours, a permit is not required for expressive activity in the reserved parking space, the west entrance steps, or the east entrance steps. Permits must always be obtained for protest on the north steps, the public parking spaces, and the lawn, trees, and landscaping."

5. Defendant Johnson further agrees the use of "swear" or "indecent" words is protected under the First Amendment and is not lawful grounds for arrest, unless they meet the legal definition of "fighting words," even when such language is directed at law enforcement officers. *See, e.g.*, *Chaplinsky v. N.H.*, 315 U.S. 573, 62 S. Ct. 770 (1942). Defendant Johnson agrees that he has already instructed his deputies on this issue and will continue to do so.

6. The County Defendants, including all sworn Alamance County Sheriff Office personnel, agree to and will participate in an educational training on implicit racial bias and racial equity by September 24, 2021. By October 1, 2021, County Defendants shall forward to Plaintiffs' counsel verification of the training identifying the training dates, number of hours, agenda items, the name of provider(s), and an attendance list of Alamance County Sheriff personnel who received the training.

7. The Parties have agreed that they shall negotiate in accordance with L.R. 54.2 in an effort to resolve Plaintiffs' claims to reasonable attorneys' fees and costs. Should the Parties reach agreement regarding Plaintiffs' claims to fees

9

and costs, they shall notify the Court. Should they be unable to agree on a compromised amount of attorneys' fees and costs within sixty (60) days of entry of this Order, Plaintiffs shall move the Court for fees, and the Parties shall be permitted to file responses, objections, replies and other briefing as contemplated by L.R. 54.1 and L.R. 54.2.

8. Entry of this Consent Order shall only resolve the civil claims of the Plaintiffs as pled in the Complaints filed in this matter. The Order does not resolve or bear on the merits of any of the allegations or claims raised in the related case filed by some Plaintiffs in this Court, *Justice for the Next Generation, et al. v. Johnson*, *et al*. 1:20-cv-00998.

9. For three years after the entry of this Consent Order, should any Party believe that another Party is violating this Order, their attorney shall provide advance notice of the violation, in writing, to opposing counsel for the allegedly violating Party, and counsel for the allegedly violating Party shall have at least seventy-two (72) hours to respond.  The Parties will first attempt to resolve any dispute informally by notification and conferral.  As part of providing advance notice, the notifying attorney shall propose dates and times within ten (10) business days of the provided notice during which an informal conference regarding the alleged violation may occur.  As part of any response, counsel for the allegedly violating Party shall specify their availability during the proposed dates and times and/or propose additional dates and times for a conference.  Any motion or action to enforce this Order

will be brought within one year of the occurrence of any alleged non-compliance.

10. This Court will retain jurisdiction of this matter for the purposes of enforcing the terms of the Consent Order, for resolving any attorneys' fee dispute, and for the purpose of adjudicating all disputes of the Consent Order between the Plaintiffs and the Defendants that may arise under the provisions of this Consent Order.

11. This Order and Judgment terminates the case and constitutes a final judgment.

This the 20th day of April, 2021.

_____
UNITED STATES DISTRICT JUDGE